**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| BRENDA MILLER, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:07-CV-00952-RWS |
| BEAZER HOMES USA, INC., et al., : | |
|     Defendants. : | |
| : | |
| STEVE M. WILLET, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:07-CV-01079-RWS |
| BEAZER HOMES USA, INC., et al., : | |
|     Defendants. : | |
| : | |
| LORENE DE STEFANO, : | |
|     Plaintiff, : | |
| v. : | CIVIL ACTION NO. |
| : | 1:07-CV-1098-RWS |
| BEAZER HOMES USA, INC., et al., : | |
|     Defendants. : | |
| : | |
| PATRICK DENNING, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:07-CV-1401-JTC |
| BEAZER HOMES USA, INC., et al., : | |
|     Defendants. : | |

## ORDER CONSOLIDATING RELATED ACTIONS AND APPOINTING INTERIM LEAD PLAINTIFFS AND INTERIM CO-LEAD AND LIAISON COUNSEL

The above-styled cases are before the Court for consideration of Plaintiffs Miller and Willet's Motion for Consolidation of All Related Actions and For Appointment of Interim Lead Plaintiffs and Interim Lead Counsel [20 in Case Co. 1:07-CV-952] and Plaintiffs Denning and De Stefano's Motion for Consolidation of Related Actions and For Appointment of Interim Lead Plaintiffs and Interim Co-Lead and Liaison Counsel [22 in Case No. 1:07-CV-952]. After consideration of the submissions of the parties, the Court enters the following Order.

The Plaintiffs' Motions to Consolidate are **GRANTED**. Accordingly, the following related actions are hereby consolidated for all purposes, pursuant to Fed. R. Civ. P. 42(a):

- *Miller v. Beazer Homes USA, Inc.,* Case No. 1:07-CV-952, filed April 30, 2007

- *Willet v. Beazer Homes USA, Inc.,* Case No. 1:07-CV-1079, filed May 11, 2007

- *De Stefano v. Beazer Homes USA, Inc.,* Case No. 1:07-CV-1098, filed May 14, 2007

- *Denning v. Beazer Homes USA, Inc.,* Case No. 1:07-CV-1401, filed June 15, 2007

Based on the Court's review of the Complaint on file in this action and the Complaints in the actions listed above, the lawsuits involve identical questions of law and fact, and consolidating these actions will avoid unnecessary waste of judicial resources and additional costs and delay to the parties.

The caption of these consolidated actions shall be "In re: Beazer Homes USA, Inc. ERISA Litigation" and the files of these consolidated actions shall be maintained in one file under Master File No. 1:07-CV-00952-RWS, (the "Consolidated Action"). Any other actions now pending or later filed in the district which arise out of or are related to the same facts as alleged in the above-identified cases shall, until further order of this Court, be consolidated for all purposes pursuant to Fed. R. Civ. P. 42(a) into the Consolidated Action, if and when they are brought to the Court's attention.

All pleadings filed in the Consolidated Action, or in any separate action included herein, shall be filed in the Master File and shall bear the following caption:

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: BEAZER HOMES USA, INC.<br><br>ERISA LITIGATION<br><br>_____ | CIVIL ACTION NO.<br><br>1:07-CV-00952-RWS |

Motions for Appointment as Interim Lead and Liaison Counsel have been filed by Stull, Stull & Brody, Gainey & McKenna, and Greenfield Millican, P.C., and by Keller Rohrback LLP, Schiffrin Barroway Topaz & Kessler, LLP, and Holzer, Holzer & Fistel LLC.  In selecting lead counsel, the Court is required to appoint counsel who will "fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(1)(B).  In making this appointment, the Court must consider:

>the work counsel has done in identifying or investigating potential claims in the action,

>counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,

>counsel's knowledge of the applicable law, and

>the resources counsel will commit to representing the class.

4

Federal Rule of Civil Procedure 23(g)(1)(C)(i).  The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(1)(C)(ii).  All counsel seeking appointment are qualified to adequately represent the interests of the Class.  However, after due consideration, the Court hereby **APPOINTS** Keller Rohrback LLP and Shiffrin Barroway Topaz & Kessler LLP as Interim Co-Lead Counsel and Holzer, Holzer & Fistel LLC as Interim Liaison Counsel for Plaintiffs in the Consolidated Action.  The Court's decision is based upon the work counsel have performed in identifying and investigating potential claims in the action as well as their knowledge and experience in this area of law.  The Court is convinced that counsel will commit adequate resources to assure the proper handling of the Class claims.  Finally, the Court has had experience with counsel in previous cases before this Court in which counsel effectively and efficiently represented class members in complex litigation.  <u>In Re: Mirant Corp. ERISA Litigation</u>, Case No. 1:03-CV-1027-RWS; <u>Spivey v. Southern Co.</u>, Case No. 1:04-CV-1912-RWS.

     Interim Co-Lead Counsel shall have the authority to perform or delegate the performance of the following matters on behalf of all Plaintiffs in the Consolidated Action:

5

AO 72A
(Rev.8/82)

(a) directing, coordinating, and supervising the prosecution of Plaintiffs' claims in the Consolidated Action;

(b) initiating, responding to, scheduling, briefing, and arguing all motions;

(c) appearing at all hearings and conferences regarding the case;

(d) determining the scope, order, and conduct of all discovery proceedings;

(e) assigning work to Plaintiffs' counsel as necessary and appropriate under the circumstances;

(f) retaining experts;

(g) communicating with the Court;

(h) communicating with Defendants' counsel;

(i) conducting settlement negotiations on behalf of Named Plaintiffs and the Class;

(j) collecting and reviewing time and expense records from all Plaintiffs' counsel on a monthly basis and at the conclusion of the case, as necessary and appropriate under the circumstances, and submitting a fee and costs application;

    (k)    coordinating activities to avoid duplication and inefficiency in the filing, serving, and/or implementation of pleadings, other court papers, discovery papers, and discovery practice, and, generally, in the litigation;

    (l)    performing such other duties that may be incidental to proper coordination of Plaintiffs' pretrial activities or authorized by further order of the Court.

Interim Co-Lead Counsel shall have authority to communicate with Defendants' counsel and the Court. Interim Co-Lead Counsel shall also have the authority to enter into agreements with Defendants' counsel that are binding on all Plaintiffs.

To the extent any other Plaintiffs' counsel are designated by Interim Co-Lead Counsel to assist with the prosecution of this action, all such Plaintiffs' counsel shall keep contemporaneous time and expense records, in the form requested by Interim Co-Lead Counsel, and shall provide such records on a monthly basis to the Interim Co-Lead Counsel, or as otherwise requested by Interim Co-Lead Counsel.

Plaintiffs' Interim Liaison Counsel shall act at the direction of Interim Co-Lead Counsel and shall assist Interim Co-Lead Counsel in facilitating

7

coordination and communications among counsel for the parties and with the Court and otherwise assist in the coordination of discovery, presentations, at pretrial conferences and other pretrial activities.

Defendant may satisfy their service obligations under Fed. R. Civ. P. 5(a) by serving Interim Co-Lead Counsel and Interim Liaison Counsel.

Patrick Denning and Lorene De Stefano are **APPOINTED** Interim Lead Plaintiffs.

The parties shall proceed pursuant to the schedule established by the Consent Order Regarding Consolidated Complaint, Briefing, and Discovery Schedules [33] entered October 3, 2007.

**SO ORDERED**, this  11th  day of October, 2007.

                                RICHARD W. STORY
                                UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)